UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
_____

VANDIVER ELIZABETH GLENN,
f/k/a GLENN MORRISON,

    Plaintiff,

        v.                                                      Case No. 1:08-CV-2360-RWS

SEWELL R. BRUMBY,
GLENN RICHARDSON,
CASEY CAGLE,
ERIC JOHNSON, and
ROBYN J. UNDERWOOD, all
in their official capacities,

    Defendants.
_____

**PLAINTIFF'S MOTION FOR ORDER OF DISMISSAL OF DEFENDANTS RICHARDSON, CAGLE, JOHNSON, AND UNDERWOOD WITH PREJUDICE AND WITHOUT ASSESSMENT OF COSTS**

Pursuant to Fed. R. Civ. P. 41(a)(2), Plaintiff Vandiver Elizabeth Glenn hereby moves this Court to dismiss the above-styled action with prejudice as to Defendants Richardson, Cagle, Johnson, and Underwood ("the Four Defendants"), with Plaintiff and each of the Four Defendants to bear his or her own costs and fees *vis a vis* each other.  While the information available to Plaintiff prior to discovery indicated that the Four Defendants participated, along with Defendant Brumby, in

the decision to fire Plaintiff, the testimony of all the defendants was that Brumby made the decision alone.  After discovery, Plaintiff began discussing with opposing counsel the prospect of dismissing the Four Defendants.  Counsel for Defendants voiced no objection to the dismissal but was unwilling to stipulate to each side's bearing their costs and fees, thus necessitating this motion.

**1.  The Court Should Dismiss the Four Defendants With Prejudice.**

Defense counsel does not object to the dismissal of the Four Defendants, and this motion raises none of the issues that a dismissal without prejudice can.  Rule 41(a)(2) provides that the court may grant a plaintiff's motion to dismiss an action "on terms that the court considers proper." FED. R. CIV. P. 41(a)(2). "In most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice," defined as "would the defendant lose any substantial right by the dismissal?" *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001).  The Defendants will suffer no prejudice or loss of rights if the Plaintiff is allowed to voluntarily dismiss her case against them. The Plaintiff has offered to dismiss this action *with prejudice*, thus assuring the Defendants that they will not be forced to relitigate these same issues again. *See Danielson v. DBM, Inc.*, No. 1:05-cv-2091-WSD, 2007 U.S. Dist. LEXIS 31467, at *5 (N.D. Ga. Apr. 30, 2007).

> **2. The Court Should Decide Entitlement to Costs and Fees After the Case is Resolved and Thus Should Order That Plaintiff and the Four Defendants Bear Their Own Costs and Fees *Vis a Vis* Each Other.**

This lawsuit, brought against all five defendants in their official capacity, is deemed to be a lawsuit against the state. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).[1]  A decision regarding costs and fees should await resolution of the suit between the remaining parties, Plaintiff Glenn and Defendant Brumby.  The Four Defendants had no interest in the litigation separate from Defendant Brumby; their dismissal does not reflect any partial victory for the defense side.  All defendants were jointly represented; thus, the representation of their unified interests should not have resulted in higher costs than representing Defendant Brumby and the State of Georgia.  The Four Defendants should not be deemed to be "prevailing parties," because the State of Georgia, the true defendant, remains in the case, and Plaintiff Glenn may yet recover all the relief she seeks in this litigation. *See Crowder v. Housing Auth. of the City of Atlanta*, 908 F.2d 843 (11th Cir. 1990).[2]  Thus, they should not be awarded costs or fees.[3]

---

[1] Because Plaintiff seeks only prospective injunctive relief, there is no Eleventh Amendment immunity. *Ex Parte Young*. 209 U.S. 123 (1908).

[2] In *Crowder*, the Eleventh Circuit held that the plaintiffs were prevailing parties in their Section 1983 case against defendants Atlanta Housing Authority ("AHA") and its Executive Director and an AHA building manager, despite the fact that

Moreover, an award of attorney's fees would be especially inappropriate, given the well-settled principle that defendants are not entitled to attorney's fees under 42 U.S.C. § 1988 unless "the suit was vexatious, frivolous, or brought to harass or embarrass the defendant." *Hensley v. Eckerhart*, 461 U.S. 424, 429 n.2 (1983); *see also Lloyd v. Northeast Georgia Ctr. for Mental Health*, No. 3:99-CV-51 (DF), 2001 U.S. Dist. LEXIS 21964, at *3-4 (M.D. Ga. Dec. 7, 2001) (standard for defendants to receive fees under Section 1988 is "exceedingly stringent"). Here, there is no evidence that the Plaintiff's suit is vexatious, frivolous, or was brought to harass or embarrass the Defendants.

---

plaintiffs voluntarily dismissed their action after attaining a consent order that obligated AHA to take certain measures requested by plaintiffs but did not award damages or grant the plaintiffs' demand that the building manager be removed "from any and all positions and duties of responsibility related to the management or operation" of plaintiffs' building. *Id*. at 849.  Plaintiffs were deemed to be "prevailing parties" because the consent decree "constitute[d] success on a significant issue which achieved some, if not most, of the relief sought by plaintiffs, notwithstanding the lack of declaratory judgment or damages." *Id*.

[3] This approach also comports with the principle that, "the primary focus of § 1988 is on the plaintiff, not the defendant." *Asphalt Pavers, Inc. v. Watts*, CASE NO. 4:96cv429-RH, 1997 U.S. Dist. LEXIS 21039 **22-23 (N.D. Fla., Dec. 19, 1997) (*citing Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402 (1968).  "Thus Asphalt, like any plaintiff whose lawsuit was the catalyst that led to full relief for an alleged constitutional violation, should recover its attorney's fees, regardless of FDOT's claim that Asphalt's success resulted only from the actions of a different defendant." *Asphalt Pavers*, at **22-23.  The analysis appears to differ in cases where the dismissed defendants are separately represented individuals fending off claims for damages asserted against them in their individual capacity, which is not the case here.  *See Mathews v. Crosby*, 480 F.3d 1265 (11th Cir. 2007).

Plaintiff sued Defendants Richardson, Cagle, Johnson, and Underwood under the good faith belief that they were involved in Defendant Brumby's decision to fire the Plaintiff. It was Underwood, not Brumby, who signed Glenn's official termination notice, certifying to the termination. See Underwood Dep. at 12-13 and Exh. 1; Glenn Dep. at 88. When Plaintiff Glenn was told by her direct supervisor Beth Yinger that Defendant Brumby was considering firing her, Ms. Yinger stated that Brumby "did not object to my workplace transition [from male to female], but he thought it was necessary to bring it up to his bosses . . . [whom] Ms. Yinger had assumed to be the speaker of the house and the lieutenant governor." Glenn Dep. at 86.[4] Furthermore, Ms. Yinger's deposition testimony confirms the Plaintiff's testimony: "I know he [Defendant Brumby] was going to talk to his bosses. And his bosses would essentially be those people [Richardson and Cagle] and also the Legislative Services Committee . . . ." Yinger Dep. at 41.[5] Defendant Brumby did in fact inform Defendants Richardson, Cagle, and Johnson, either directly or through staff, that he was contemplating firing the Plaintiff because of her gender transition. See Brumby Dep. at 63, 74-75; Richardson Dep.

---

[4] Defendant Richardson is the Speaker of the Georgia House of Representatives, and Defendant Cagle is the Lieutenant Governor of Georgia.

[5] Defendant Johnson was the President Pro Tem of the Georgia Senate and a member of the Legislative Services Committee at the time Ms. Glenn was fired.

at 28-29; Cagle Dep. at 20-24; Johnson Dep. at 15-17. Plaintiff named the Four Defendants in good faith based on the information she had when filing the complaint. Plaintiff understandably did not want to risk a denial of leave to amend to add defendants after discovery or a ruling that the amendment did not relate back to the filing of the Complaint. *See generally Berwind Prop. Group, Inc. v. Envtl. Mgmt. Group, Inc.*, 233 F.R.D. 62, 66-67 (D. Mass. 2005) (denying amendment based on the amount of information plaintiff had about the proposed new parties before filing the complaint and taking their depositions).[6]

---

[6] Although an award of costs should await a final judgment, Plaintiff notes that the equities would militate against awarding any defendant costs in this case. Under Fed. R. Civ. P. 54(d)(1), the Court has discretion whether or not to award costs. *See Danielson*, 2007 U.S. Dist. LEXIS 31467, at *5 (quoting 10 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2668, at 227 (3d ed. 2004) ("Rule 54(d) vests the court with a sound discretion . . . the federal courts are free to pursue a case-by-case approach and to make their decisions on the basis of the circumstances and equities of each case.")); *see also Pontenberg*, 252 F.3d at 1256 ("In exercising its 'broad equitable discretion under Rule 41(a)(2),' the district court must 'weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate.'"). It would be inequitable to impose costs on the Plaintiff in this case. She is suing in response to being fired for constitutionally impermissible grounds – an event which, among other things, deprived her of her source of income. Ms. Glenn is an individual plaintiff taking on her former employer, the State of Georgia. She has acted responsibly both in naming the defendants and voluntarily dismissing them after discovery. *See Danielson*, 2007 U.S. Dist. LEXIS 31467, at *5 ("Plaintiffs here are individual consumers and under the circumstances here, it would be inequitable to impose costs upon them. Furthermore, Plaintiffs here offer to voluntarily dismiss this

**CONCLUSION**

Plaintiff requests that the Court grant her Motion for Voluntary Dismissal with Prejudice as to Defendants Richardson, Cagle, Johnson, and Underwood, each of the dismissed defendants and plaintiff to bear his or her own costs and fees with respect to the other.

October 27, 2009

                                      Respectfully submitted,

                                      LAMBDA LEGAL DEFENSE &
                                      EDUCATION FUND, INC.

                                      By: */s/ Gregory R. Nevins*_____
                                      Gregory R. Nevins
                                      GA State Bar No. 539529
                                      730 Peachtree St. NE, Suite 1070
                                      Atlanta, GA 30308
                                      Telephone: (404) 897-1880
                                      Facsimile:  (404) 897-1884
                                      ATTORNEYS FOR PLAINTIFF

---

action with prejudice, thus assuring [the Defendant] that it will not be forced to relitigate these same issues in a second lawsuit.").

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have this day served a copy of the within and foregoing:

**PLAINTIFF'S MOTION FOR ORDER OF DISMISSAL OF DEFENDANTS RICHARDSON, CAGLE, JOHNSON, AND UNDERWOOD WITH PREJUDICE AND WITHOUT ASSESSMENT OF COSTS**

upon counsel for all parties by electronically filing the same with the Clerk of Court using the CM/ECF system which will automatically send an e-mail notification of such filing to the following attorneys of record:

Richard N. Sheinis
Nichole L. Hair
**HALL, BOOTH, SMITH & SLOVER, P. C.**
1180 West Peachtree Street, N.W.
Atlantic Center Plaza, Suite 900
Atlanta, Georgia 30309
404.954.5000

This 27th day of October, 2009.
*/s/ Gregory R. Nevins*
Gregory R. Nevins, GA Bar No. 539529
Attorney for Plaintiff