UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

VANDIVER ELIZABETH GLENN,
f/k/a GLENN MORRISON,

Plaintiff,

v.

Case No. 1:08-CV-2360-RWS

SEWELL R. BRUMBY,
in his official capacity,

Defendant.

## ORDER RE: REINSTATEMENT REMEDY

Plaintiff Vandiver Elizabeth Glenn and Defendant Sewell R. Brumby hereby jointly submit this proposed Order Re: Reinstatement Remedy, reflecting the parties' agreement that Defendant's provision of the economic benefits of employment properly may be deemed compliance with the Court's Order reinstating Ms. Glenn, in lieu of Ms. Glenn's resuming the job duties of Editor.

The parties came before the Court on August 6, 2010, to present their agreement that reinstatement as ordered by the Court will be effected by Mr. Brumby's performance of the following terms in lieu of Ms. Glenn's return to work at the Office of Legislative Counsel (hereinafter "OLC"):

1) Payment of full salary, equal to her salary at the time she was terminated from OLC, from August 9, 2010 to the date of decision on Defendants' appeal by the United States Court of Appeals for the Eleventh Circuit (hereinafter the "Appeal Time Period"); the amount of salary is subject to revision should the Court order the restoration of seniority that Ms. Glenn lost after termination. Said compensation shall include a component, if necessary, to render this compensation revenue-neutral to Ms. Glenn after taxes as compared to the situation had she been working at OLC. This would be paid as a gross amount without any deductions for taxes. Ms. Glenn would be responsible for any taxes. Salary payments will be made to Ms. Glenn at the same intervals as made to OLC employees during the Appeal Time Period, and will be paid by check sent via mail to Ms. Glenn.

2) During the Appeal Time Period, payment to Ms. Glenn for her purchasing of benefits commensurate with benefits she had when she was employed at the OLC. Said compensation shall include a component, if necessary, to render this compensation revenue-neutral to Ms. Glenn after taxes as compared to the situation had she been working at OLC. The amount paid to Ms. Glenn will be reduced by whatever

amount she would have contributed from her paycheck for these benefits when she was employed at the state.

3) Treatment, for all purposes of state law, of Ms. Glenn as though she had been employed with the OLC for the Appeal Time Period. This provision is made without prejudice to Ms. Glenn seeking, and Mr. Brumby opposing, a request to have the period from October 16, 2007 through August 8, 2010 treated as though Ms. Glenn had been employed with the OLC.

4) The parties will meet and confer regarding the amounts in Paragraph 1 and 2 and regarding any other disputes about the terms of this Order. The parties will attempt to resolve any difference amicably, with the Court resolving any dispute the parties cannot.

5) This agreement and Order are limited to the terms contained herein, and shall not be construed or considered as (a) an admission or acknowledgement of liability or wrongdoing by either party; (b) an admission or acknowledgement by either party as to the propriety or impropriety of the remedies set forth herein, of any remedies foregone, or of any similar or alternative remedy; or (c) a waiver as to any right or legal position on any other issue in this case. Each party does not waive,

and specifically reserves, the right to seek or oppose other remedies considered by the Court.

In light of the parties' agreement, and good cause appearing, it is

**SO ORDERED**, this ___9TH___ day of August, 2010.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

Dated this 6th day of August, 2010.

**HALL, BOOTH, SMITH
& SLOVER, P. C.**

Requested By and Agreed To By:

_____/s/_____
Richard N. Sheinis
Georgia Bar No. 639865
Nichole L. Hair
Georgia Bar No.: 474182
Attorneys for Defendant
1180 West Peachtree Street, N.W.
Atlantic Center Plaza, Suite 900
Atlanta, Georgia  30309
404.954.5000
**[counsel list continues on next page]**

Dated this 6th day of August, 2010.

**LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.**

Requested By and Agreed To By:

_____/s/_____
Gregory Nevins
Georgia Bar No. 539529
Attorneys for Plaintiff
730 Peachtree St., NE, Suite 1070
Atlanta, GA 30309
404.897.1880

Error! Unknown document property name.
Error! Unknown document property name.

5