**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| VANDIVER ELIZABETH GLENN f/k/a GLENN MORRISON, :<br><br>    Plaintiff, :<br><br>v. :<br><br>SEWELL R. BRUMBY, in his official capacity, :<br><br>    Defendant. : | :<br>:<br>:<br>:<br>:<br>: CIVIL ACTION NO.<br>: 1:08-CV-2360-RWS<br>:<br>:<br>:<br>:<br>:<br>: |

**<u>ORDER</u>**

This case comes before the Court for final determination of Plaintiff's remedies. After reviewing the record, the Court enters the following order.

In its July 2, 2010 Order the Court found that Defendant Brumby's decision to terminate Plaintiff violated her rights under the Equal Protection Clause of the Fourteenth Amendment. (Dkt. [70] at 43 (finding Plaintiff was discriminated against on the basis of sex)). On August 3, 2010, the Court held a hearing to determine an appropriate remedy for Plaintiff as a prevailing party in this action. The parties agreed at the hearing that reinstatement of Plaintiff to her previous employment position was an appropriate remedy, and the Court

AO 72A
(Rev.8/82)

ordered Plaintiff reinstated.  (Dkt. [73]).  However, the Court reserved entry of a Final Order, so that the parties might confer and present arguments for, and objections to, further forms of relief.  (Id.).

In addition to reinstatement, Plaintiff seeks three additional forms of relief: 1) restoration of seniority; 2) sex-discrimination training for Defendant Brumby; and 3) an injunction against future discriminatory conduct.  (Letter from Gregory R. Nevins, Plaintiff's Counsel, to Richard N. Sheinis and Nichole L. Hair, Defendant's Counsel (Aug. 9, 2010)).  For the reasons discussed below, the Court **ORDERS** that Plaintiff be given restoration of seniority and that Defendant is enjoined from future discriminatory conduct on the basis of sex against Plaintiff after she returns to the workplace.  Plaintiff's request for sex-discrimination training for Defendant Brumby is **DENIED**.

The Supreme Court has noted that,

> where federally protected rights have been invaded, it has been the rule from the beginning that courts will be alert to adjust their remedies so as to grant the necessary relief.  And it is also well settled that where legal rights have been invaded, and a federal statute provides for a general right to sue for such invasion, federal courts may use any available remedy to make good the wrong done.

Bell v. Hood, 327 U.S. 678, 684, 66 S. Ct. 773, 90 L. Ed. 939 (1946) (citations omitted).   Further, relief should not be denied merely because a party failed to

2

request such relief in the pleadings.  Carter v. Diamondback Golf Club, Inc., 222 Fed. Appx. 929, 931 (11th Cir. 2007).  However, in fashioning appropriate relief in this action, the Court must be cognizant that the true Defendant in this action is the State of Georgia and therefore any relief ordered must be in accord with the Eleventh Amendment.  See Ex Parte Young, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908).

     The Court finds that awarding Plaintiff the restoration of seniority, so that Plaintiff is in a position that she would have been if not illegally terminated, is appropriate relief in this action and does not run afoul of the Eleventh Amendment.   The Supreme Court has recognized the importance of seniority in the employment context and that an award of seniority is appropriate to remedy the harm caused by a discriminatory employment action.  Franks v. Bowman Transp. Co., 424 U.S. 747, 766-768, 96 S. Ct. 1251, 47 L. Ed. 2d 444 (1976).  An award of seniority to Plaintiff does not require Defendant to pay Plaintiff compensation for the period during which she was wrongfully terminated, but rather requires Defendant to adjust Plaintiff's salary and other employment benefits to the level at which they would have been had Plaintiff not been wrongfully terminated.  Such an adjustment may have a future impact on the state treasury, but such future impact designed to eliminate the effects of

discriminatory conduct is not barred by the Eleventh Amendment. See <u>Milliken v. Bradley</u>, 433 U.S. 267, 289, 97 S. Ct. 2749, 53 L. Ed. 2d (1977) (noting that the prospective-compliance exception "permits federal courts to enjoin state officials to conform their conduct to requirements of federal law, notwithstanding a direct and substantial impact on the state treasury"); <u>Edelman v. Jordan</u>, 415 U.S. 651, 668, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974) ("an ancillary effect on the state treasury is a permissible and often an inevitable consequence of the principle announced in <u>Ex Parte Young</u>").

The Court also finds that an injunction against future discrimination against Plaintiff on the basis of sex is an appropriate remedy in this case. The Court entered an Order consented to by both parties that provides Plaintiff with an alternate remedy in lieu of reinstatement during the pendency of the appeal of this action. (Dkt. [74]). The injunction against future discrimination will be effective upon Plaintiff's actual return to the workplace.

The Court does not find that sex-discrimination training for Defendant Brumby is an appropriate remedy in this case. Brumby believed that his termination of Plaintiff did not violate any of Plaintiff's legal rights. The Court has since made it clear that such termination was violative of Plaintiff's Equal Protection Rights. There is no indication that going forward Defendant will

discriminate against Plaintiff on the basis of sex.  This case is not like <u>EEOC v. Massey</u>, 117 F.3d 1244 (11th Cir. 1997), in which the plaintiff was subjected to a series of demeaning comments.  Therefore, the Court does not find that ordering sex-discrimination training for Defendant Brumby is appropriate.

For the aforementioned reasons, the Court **ORDERS** that, in addition to relief previously granted, Plaintiff be given restoration of seniority and that Defendant is enjoined from future discriminatory conduct against Plaintiff on the basis of sex after Plaintiff's return to the workplace.  Plaintiff's request for sex-discrimination training for Defendant Brumby is **DENIED**.  This constitutes the Final Order in this action.  The Clerk shall enter final judgment in favor of Plaintiff.

**SO ORDERED**, this  15th   day of September, 2010.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)